IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY, )<br>)<br> Plaintiffs, )<br>) <br>v. )<br>)<br>ILLINOIS CENTRAL SCHOOL BUS, LLC, *et al.*, )<br>)<br> Defendants. ) | Case No. 1:25-cv-01302<br><br>Judge Mary M. Rowland |

**MOTION TO DISMISS OF DEFENDANTS KAREN D. AND
MICHAEL A-B, INDIVIDUALLY AND AS PLENARY CO-GUARDIANS OF THE
<u>PERSON OF AAB, A DISABLED PERSON</u>**

 Pursuant to Fed. R. Civ. P. 12(b)(7), Defendants Karen D. and Michael A-B, individually and as plenary co-guardians of the person of AAB, a disabled person (the "Victim Defendants"), by and through their counsel, respectfully move the Court for an Order dismissing the Complaint of Plaintiff Westfield Insurance Company ("Westfield"). In support of this motion, the Victim Defendants state as follows:

 1. On November 27, 2024, the Victim Defendants filed a federal civil rights action in this District arising out the physical and emotional abuse to which their son, AAB, a developmentally-disabled, non-verbal autistic minor, was subjected while riding a school bus operated by Defendant Illinois Central School Bus, LLC ("Illinois Central"). *See Karen D. v. Board of Ed. of the City of Chicago*, No. 1:24-cv-12282 (N.D. Ill.) (the "Civil Rights Action").

 2. Based on the complaint in this matter, after the Victim Defendants filed the Civil Rights Action, Illinois Central sought insurance coverage from Westfield, prompting Westfield to file the present action.

1

3. By dragging the Victim Defendants into the present action, Westfield has further victimized the Victim Defendants.

4. As set forth in Defendants Illinois Central School Bus, LLC, Sheila Bragg, Kinisha Boone, and Jordan Brown's Motion to Dismiss (Dkt. 57-58), this Court should dismiss this action because: (a) National Interstate Insurance Company ("NIIC") is a necessary party pursuant to Fed. R. Civ. P. 19(a); and (b) joinder of NIIC is not feasible because both Westfield and NIIC are citizens of the State of Ohio – *i.e.*, joinder would deprive this Court of subject matter jurisdiction. The failure to name NIIC is sufficient to support dismissal of this action pursuant to Fed. R. Civ. P. 12(b)(7) because NIIC's inclusion would destroy the Court's subject matter jurisdiction based on the parties' lack of diversity of citizenship.

5. The Victim Defendants incorporate the following Sections of Defendants Illinois Central School Bus, LLC, Sheila Bragg, Kinisha Boone, and Jordan Brown's Memorandum of Law in Support of Motion to Dismiss (Dkt. 58), which set forth the factual and legal bases requiring dismissal of this action: (a) Factual Background §§ B-C; (b) Legal Standard; and (c) Argument § A.1-3. *See* Dkt. 58.

WHEREFORE, Defendants Karen D. and Michael A-B, individually and as plenary co-guardians of the person of AAB, a disabled person, respectfully request that the Court:

(a) Grant their Motion to Dismiss;

(b) Dismiss Westfield's Complaint for Declaratory Judgment; and

(c) Grant such other relief as the Court deems just and proper.

Dated: May 27, 2025

Respectfully submitted,

KAREN D. and MICHAEL A-B.,
individually and as plenary co-guardians
of the person of AAB,


By:    /s/ Scott R. Drury
        SCOTT R. DRURY
        *Counsel for Defendants Karen D.*
        *and Michael A-B*

Scott R. Drury
DRURY LEGAL, LLC
6 Carriage Lane
Highwood, IL 60040
(312) 358-8225
scott@drurylegal.com

**CERTIFICATE OF SERVICE**

  I, Scott R. Drury, an attorney, hereby certify that, on May 27, 2025, I filed the foregoing document using the Court's CM/ECF system, which effected service on all counsel of record.

              */s/ Scott R. Drury*
              Scott R. Drury